NOT DESIGNATED FOR PUBLICATION

No. 123,441

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JAMES ERIC HUGHES,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; JAMES CHARLES DROEGE, judge. Opinion filed November 5, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., HILL and POWELL, JJ.

PER CURIAM:  James Eric Hughes appeals the district court's revocation of his probation and the imposition of his underlying prison sentence. We granted Hughes' motion for summary disposition pursuant to Supreme Court Rule 7.041A (2021 Kan. S. Ct. R. 48). The State has not responded. After a review of the record, we affirm.

Pursuant to a plea agreement with the State, Hughes pled guilty to possession of methamphetamine, a severity level 5 drug felony, a crime he committed on September 30, 2019. At the sentencing hearing on January 7, 2020, the district court sentenced Hughes to 32 months' imprisonment but granted his request for a dispositional departure to probation for a period of 24 months.

1

On July 6, 2020, the State sought to revoke Hughes' probation on the grounds that he violated the terms and conditions of his probation by being terminated from the Therapeutic Community for discipline problems and for failing to properly participate in its programs. After hearing evidence at the probation violation hearing, the district court found Hughes to be in violation of his probation, revoked his probation, and imposed his underlying prison sentence.

Hughes' sole argument on appeal is that the district court abused its discretion by revoking his probation and ordering him to serve his underlying prison sentence. Hughes concedes sufficient evidence supports the district court's finding of a probation violation. Once a probation violation has been established, the decision to revoke probation is within the sound discretion of the district court. See *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020); *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). A district court abuses its discretion if it bases its decision on legal or factual errors or if no reasonable person would agree with its decision. *State v. Ballou*, 310 Kan. 591, 615, 448 P.3d 479 (2019). Hughes bears the burden to show an abuse of discretion by the district court. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

In this case, the district court's discretion on whether to revoke probation was limited by the intermediate sanctions outlined in K.S.A. 2019 Supp. 22-3716. According to the law in effect at the time Hughes committed his crime, a district court was required to impose graduated intermediate sanctions before revoking an offender's probation. See K.S.A. 2019 Supp. 22-3716(c); *State v. Huckey*, 51 Kan. App. 2d 451, 454, 348 P.3d 997 (2015). However, there are exceptions which permit a district court to revoke a defendant's probation without having previously imposed the statutorily required intermediate sanctions. One exception allows the district court to revoke an offender's probation without imposing sanctions if probation was originally granted as the result of a dispositional departure. K.S.A. 2019 Supp. 22-3716(c)(7)(B).

Here, it is undisputed that Hughes was granted a dispositional departure to probation when he was originally sentenced, and Hughes concedes the district court had the legal authority to revoke his probation. Hughes instead argues he should have been given another chance at probation given his serious mental health issues. But the district court considered Hughes' request to continue probation on those grounds and rejected it, given Hughes' lack of cooperation on probation, his exhaustion of community resources, and the fact that he had been given a dispositional departure to probation at the outset. Accordingly, Hughes fails to persuade us why he should have been placed back on probation. Under these facts, we conclude a reasonable person could agree with the district court's decision to revoke Hughes' probation and order that he serve his underlying prison sentence.

Affirmed.